# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### NORTHERN DIVISION
#### at ASHLAND

Civil Action No. 14-171-HRW

REBECCA ANN TACKETT,                                                    PLAINTIFF,

v.                          **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,                          **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on July 19, 2011, alleging disability beginning on May 7, 2010, due to "back injury, neck injury, kidney problems resulting in the removal of one kidney, frequent dizziness, migraines, fibromyalgia, depression, shaking, constant pain in left leg [and] weakness and some loss of use in upper extremities (Tr. 266). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Gina Baldwin, a vocational expert

accompanied by counsel, testified. At the hearing, Gina Baldwin, a vocational expert

(hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 10-27). Plaintiff

was 48 years old at the time of the hearing decision. She has a 12th grade education (Tr. 267).

Her past relevant work experience consists of work as a bartender, dining room manager and

bartender's helper (Tr. 57-58, 267).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in

substantial gainful activity since  the alleged onset date of disability (Tr.12).

The ALJ then determined, at Step 2, that Plaintiff suffers from chronic pain syndrome

secondary to degenerative disc disease of the cervical or lumbar spines, mood disorder and anxiety disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 12-15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15-18).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 25) but determined that her has the residual functional capacity ("RFC") to perform light exertion work with additional postural, environmental, and mental limitations (Tr. 18).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 26).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and ] and this matter is ripe for decision.

## II.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by

3

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff argues that the ALJ erred in assessing her RFC. Specifically, she contends that the ALJ did not properly consider the opinion of her treating psychiatrist, Scott Lance, M.D. and that the RFC should have included manipulative limitations involving her upper extremities.

A claimant's residual functional capacity is assessed by the ALJ between steps three and four and is "the most [a claimant] can still do despite [her] impairments." 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1) & (5). An ALJ is required to "assess a claimant's residual functional capacity based on all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Thus, no medical source opinion is alone conclusive on this issue. SSR 96-5p, 1996 WL 374183, at *2, 4-5. The ALJ weighs an acceptable medical source opinion against the other evidence of record, among other factors. *See* 20 C.F.R. §§ 404.1527©, 416.927( c ).

With regard to Plaintiff's mental functioning, the ALJ considered the opinions of treating psychiatrist, Dr. Lance, and state agency consultants, Leigh Rosenberg, Psy.D. and H. Thompson Prout, Ph.D.

4

Dr. Lance completed a Medical Assessment of Ability to do Work-Related Activities (Mental) and, based on Plaintiff's reports of "feeling anxious and overwhelmed easily," opined that she had a good ability to follow work rules; relate to co-workers; use judgment; interact with supervisors; function independently; understand, remember, and carry out both detailed and simple job instructions; and maintain personal appearance. Dr. Lance also opined that Plaintiff would have a fair ability to deal with the public; deal with work stress; maintain attention/concentration; understand, remember, and carry out complex job instructions; behave in an emotionally stable manner; relate predictably in social situations; and demonstrate reliability. Nevertheless, Dr. Lance determined that Plaintiff would likely be absent from work more than four days per month because of psychologically mentally based impairments or treatments (Tr. 734-735).

Ms. Rosenberg, Psy.D., opined that Plaintiff was subject to affective and somatoform disorders but with no more than mild limitations in her activities of daily living, maintaining social functioning, and in maintaining concentration, persistence or pace (Tr. 75-76, 88-89).

Doctor Prout reviewed the record and opined that Plaintiff was subject to mild limitation in her activities of daily living, but moderate limitations in maintaining social functioning, and in maintaining concentration, persistence or pace. As relevant to the case before the Court, Dr. Prout also opined that Plaintiff was not significantly limited in her ability to understand, remember and carry out very short and simple instructions; sustain an ordinary routine without special supervision; work in coordination with or in proximity to others without being distracted; make simple work-related decisions; complete a normal workday and workweek without interruptions from psychologically based symptoms; and to perform at a consistent pace. Dr. Prout further opined that, mentally, Plaintiff would be able to understand and remember routine, simple tasks; sustain attention and effort on tasks that require minimal judgment for extended periods of two hour segments; relate

adequately in object-focused settings; and adapt to expected, routine task demands (Tr. 104-105, 108-110).

The ALJ's residual functional capacity assessment takes into account Plaintiff's alleged mental impairments in finding that from a mental standpoint, she can understand and remember simple, routine tasks; sustain attention and effort on tasks that require minimal judgment for extended periods of two-hour segments; relate adequately in object-focused settings; and adapt to expected routine task demands. (Tr. 18). The ALJ specifically stated that Dr. Lance's "essentially disabling assessment" was not an accurate representation of Plaintiff's true level of functioning, with the evidence as a whole suggesting that "she exhibits good response to treatment with proper adherence to all recommended/prescribed treatment measures..." (Tr. 17). Moreover, Dr. Lance provides no objective support for his overly restrictive opinion but, instead, as noted by Dr. Lance, is based on Plaintiff's subjective complaints of feeling anxious and easily overwhelmed (Tr. 734-735).

It is clear that the ALJ considered the relevant evidence of record and the Court finds that he reasonably found that Plaintiff had no more than a mild limitation in her activities of daily living, with no more than moderate limitations in social functioning and in concentration, persistence or pace (Tr. 15-17).

With regard to physical functioning, Plaintiff urges that manipulative limitations regarding her upper extremities were erroneously omitted. The ALJ's physical residual functional capacity assessment of light exertion work with additional postural and environmental limitations included no climbing ladders, ropes, or scaffolds; avoiding concentrated exposure to extreme cold, vibration, or work-related hazards such as unprotected heights and dangerous moving machinery. In considering the extent of Plaintiff's physical limitations, the ALJ considered all of the relevant evidence and clearly set forth his reasoning for weighing one opinion of another. The Court finds no

6

error in this regard.

To the extent that Plaintiff argues that the evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed.)

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 8th day of February, 2016.



Signed By:

Henry R. Wilhoit, Jr.

United States District Judge